**ORIGINAL**

FILED

11/07/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0631

## MONTANA SUPREME COURT

| | |
|---|---|
| IN THE MATTTER OF: | Cause No. _____ |
| Cause No DN-19-06 | **MOTION FOR APPOINTMENT OF COUNSEL** |
| **EZRI FRIDDLE,** | FILED |
| A YOUTH IN NEED OF CARE. | NOV 0 7 2022 |
| | Bowen Greenwood<br>Clerk of Supreme Court<br>State of Montana |

COMES NOW Danny Friddle, Petitioner Pro Se, to petition this Honorable Court for appointment of new counsel in Cause No DN-19-06.

### FACTS

1) Petitioner has, concurrent with this filing, moved for dismissal of current/prior appointed counsel for cause.

2) Petitioner is currently incarcerated by the State of Hawai'i in an "out of state contract" Core Civic private prison facility, and housed in the state of Arizona.

3) Being incarcerated, Petitioner has no meaningful income.

4) Petitioner possess no material assets of value, such as property, automobiles, etc.

5) Petitioner's access to legal materials relating to Montana statutes and case law is non-existent.

6) Pursuant to Fact 5 above, there can be no expectation, regardless of any level of skill possessed by Petitioner, that Petitioner would be able to reasonably represent himself.

7) Petitioner's financial circumstances have not changed in any significant way since the previous appointment of counsel provided Pursuant to Montana Code Annotated §§ 41-3-425(2) and 41-7-111.

### RELIEF

Petitioner, in accordance with the above facts, requests this Honorable Court for appointment of counsel to represent Petitioner and Petitioners interests in both this appeal matter and, pursuant to the ruling on the motion to appeal the March 18, 2022 termination of Petitioner's parental rights, in Cause No. DN-19-06.

I declare, under the penalty of perjury, that the above stated facts are true and accurate to the best of my knowledge, and request relief as described accordingly.

DATED: October 25, 2022, Eloy, Arizona

Danny Friddle
Petitioner Pro Se

FILED

FILED

11/07/2022

NOV 07 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0631

Danny Friddle
A6008921
Core Civic/Saguaro Correctional Center
1252 East Arica Rd
Eloy, AZ 85131



## MONTANA SUPREME COURT

| IN THE MATTTER OF:<br><br>Cause No DN-19-06<br><br>**EZRI FRIDDLE,**<br><br>A YOUTH IN NEED OF CARE. | **Cause No.** DA 22-0631<br><br>**MOTION FOR APPEAL FROM JUDGMENT** |
|---|---|

COMES NOW Danny Friddle, Petitioner Pro Se, to petition this Honorable Court for an appeal from the judgment in Cause No DN-19-06, entered March 25, 2022, terminating Petitioner's parental rights effective March 18, 2022.

### FACTS

1)      Petitioner, Danny Friddle, is the biological father of Ezri Friddle.

2)      Petitioner was a respondent in Cause No DN-19-06.

3)      Between not before June 6, 2019 and not after August 19, 2019, Petitioner was served by the Pinal County Sheriff's Department in Arizona providing notice of commencement of action against him in instant case as part of the case filed on May 23, 2019 by the Montana Department of Public Health and Human Services, Child and Family Services Division ("CFSD").

4)      Petitioner was notified in an August, 13, 2019 letter from Michelle J. Maltese ("Ms. Maltese") that Ms. Maltese had been appointed to represent Petitioner in instant case.

5)      For the entire duration of her appointment as Petitioner's counsel, from August 2019 through March 2022, Petitioner received a total of four communications from Ms. Maltese, one letter dated August 13, 2019, received on or about August 19, 2019, one letter dated August 27, 2019, received on or about September 3, 2019, one letter dated September 27, 2019, received on or about October 1, 2019, and one letter dated March 10, 2022, received on March 15, 2022 (dates according to original letters

and Petitioner's facility mail log).

6) Between August 2019 and March 2022, Petitioner contacted his counsel, Ms. Maltese, eight times, one letter sent leaving Petitioner's facility on or about August 21, 2019, one letter sent leaving Petitioner's facility on or about September 23, 2019, one letter sent leaving Petitioner's facility on or about October 9, 2019, one letter sent leaving Petitioner's facility on or about December 13, 2019, one letter sent leaving Petitioner's facility on or about July 17, 2021, one letter dated February 16, 2022, which left Petitioner's facility on February 22, 2022, one letter dated February 28, 2022, which left Petitioner's facility on March 2, 2022, and one letter dated March 25, 2022, which left Petitioner's facility on March 18, 2022 (dates according to copies of original letters and Petitioner's facility mail log).

7) Following the letter received by Petitioner on or about October 1, 2019, Petitioner received no response from his letters to Ms. Maltese until he threatened a complaint to the Montana State Bar Association in his letter sent on or about March 2, 2022.

8) Petitioner is housed at a prison facility which utilizes a restricted phone/calling list.

9) Due to administrative complications, Petitioner was/has been unable to add counsel, Ms. Maltese, to his facility phone list, and as such is unable to call Ms. Maltese directly.

10) At no time did Petitioner receive any incoming "legal calls" from counsel, Ms. Maltese.

11) On or about September 3, 2019, the Court found that reunification efforts did not need to be made with regards to Petitioner in instant case.

12) Petitioner was notified of the September 3, 2019 decision in instant case by means of Ms. Maltese's letter dated September 27, 2019, received on or about October 1, 2019.

13) Per documents served on Petitioner, motion to terminate Petitioner's parental rights was filed by CFSD on or about November 24, 2021.

14) Petitioner's counsel, Ms. Maltese, according to the Certificate of Service contained within the CFSD's motion for termination of Petitioner's parental rights, was electronically served by e-mail.

15) Petitioner was served with the documents seeking the termination of his parental rights on or about February 16, 2022 by the Pinal County Sheriff's Department.

16) MCA §§ 41-3-423(5) and 41-3-445(1)(a)(i)(A) establish a 30 day "statute of limitations" for the CFSD to file for the termination of parental rights following a finding that reunification efforts are not required pursuant to MCA § 41-3-423.

17) Petitioner was not served any notifications and/or motions relating to instant matter between the September 3, 2019 judgment and the November 24, 2021 filing with the court.

18) Petitioner's circumstances, which may be held relevant to action(s) against Petitioner in Cause No. DN-19-06, have changed since the entry of the September 3, 2019 judgment regarding reunification efforts not being made with Petitioner.

19) On June 22, 2021, Petitioner filed initial appellate proceedings relating to his conviction for which he is currently incarcerated for.

20) Petitioner's current incarceration, to include both the projected length of such incarceration and the charges resulting in the incarceration, are two of the primary factors utilized by the CFSD as grounds for the termination of Petitioner's parental rights.

21) Petitioner's proceedings filed in the State of Hawai'i include matters that, on remand, may provide cause for a change in judgment, i.e., that Petitioner may be found "not guilty" on the charges utilized as grounds in and for the CFSD's action seeking to terminate Petitioner's parental rights.

22) The period of time between Petitioner's notification of the issues barring his "appearance" and the hearing terminating Petitioner's parental rights was not more than three days.

23) Petitioner received notice of the termination of his parental rights on April 4, 2022, which served as Petitioner's only notice of the judgment.

24) Petitioner originally submitted a motion to appeal the judgment to the Montana Third Judicial District Court on May 2, 2022.

25) The original petition for appeal was, pursuant to ¶ 23 – 24 above and in accordance with the "prison mail box rule," filed with the Montana Third Judicial District Court within 30 days.

26) Petitioner had, in his March 2, 2022 letter to Ms. Maltese, instructed that if judgment was entered against him, he intended it to be appealed.

27) Petitioner's counsel, Ms. Maltese, has not contacted Petitioner since March 10, 2022, neither regarding any appellate actions, nor even to notify Petitioner of the March 18, 2022 judgment entered by the Montana Third Judicial District Court

terminating his parental rights.

28) Petitioner had instructed his counsel, Ms. Maltese, in his February 28, 2022 letter, that if a judgment was entered under the circumstances as they existed (i.e., with the lack of communication between Petitioner and his counsel, to include time to discuss and/or prepare any defense, and given the apparent violation of the applicable statute of limitations as established by MCA §§ 41-3-423(5) and 41-3-445(1)(a)(i)(A)), that counsel was to file an appeal of any such judgment.

## GROUND ONE
### Denial of Access to the Courts

29) Petitioner's presence was not facilitated at any of the court proceedings.

30) Petitioner was not provided details of missed proceedings, apart from outcomes/rulings, such as transcripts.

31) Petitioner was not provided information related to the CFSD's claim that Ezri Friddle's "self harm" is directly caused by the continuation of his paternal rights, nor was Petitioner given the opportunity to confront this claim.

32) Petitioner was served notice of the CFSD's motion seeking to terminate his parental rights on February 16, 2022.

33) Petitioner is currently incarcerated by the State of Hawai'i in a private prison in the state of Arizona.

34) Petitioner has no meaningful access to Montana statutes (Montana Code Annotated (MCA)) or case law.

35) Petitioner is reliant on written mail correspondence due to his current incarceration and facility restrictions, such as restricted calling lists.

36) Petitioner's parental rights were terminated by the court effective March 18, 2022, 30 days after Petitioner first received notice of the motion to terminate his parental rights.

37) Petitioner was, pursuant to ¶ 29 - 36 above, not given opportunity to investigate, prepare, and/or provide a defense against specific allegations made by the CFSD.

38) Petitioner was not given opportunity to appear at any proceeding held in instant case, in spite of his desire to do so.

39) Petitioner's counsel, Ms. Maltese, related to Petitioner that she was having difficulty with Petitioner's facility in scheduling legal calls/court appearances by

phone in the letter dated March 10, 2022, received by Petitioner on March 15, 2022.

40) The period of time between Petitioner's notification of the issues barring his "appearance" and the hearing terminating Petitioner's parental rights was not more than three days, which did not allow time for Petitioner to resolve, or attempt to resolve, the issue prior to the Court's ruling on the matter, thus denying Petitioner access to the hearing.

41) Pursuant to the above, Petitioner was denied access to the court in any meaningful way.

## GROUND TWO ·
### Violation of Statute of Limitations

42) MCA §§ 41-3-423(5) and 41-3-445(1)(a)(i)(A) establish a 30 day "statute of limitations" for the CFSD to file for the termination of parental rights following a finding that reunification efforts are not required pursuant to MCA § 41-3-423.

43) In instant case, a determination that reunification efforts were not required, pursuant to MCA § 41-3-423, was found and entered in September 3, 2019.

44) Petitioner was not served, or otherwise notified, of any proceedings filed or brought against him related to instant matter prior to the motion(s) served on February 16, 2022, more than two years after the determination that reunification efforts were not required, pursuant to MCA § 41-3-423, was found and entered in September 3, 2019.

45) The CFSD's motion Petitioner was served with was initiated by a motion filed by the CFSD on November 24, 2021, more than two years after the determination that reunification efforts were not required, pursuant to MCA § 41-3-423, was found and entered in September 3, 2019.

46) There were no additional filings, findings, or orders regarding reunification efforts with Petitioner in Cause No DN-19-06 between September 3, 2019 and November 24, 2021 which would serve to extend the statutory time period for CFSD to file for termination of Petitioner's parental rights.

47) Petitioner had no cause, accordingly, to be prepared, in any way, for CFSD's motion, submitted and filed more than two years after the lapse of the 30 day statutory period, and every reason to believe the matter to have been resolved, as a matter of law, leaving his parental rights in tact.

## GROUND THREE
### Denial of Access to Counsel

48) Petitioner was served notice of the CFSD's motion seeking to terminate his parental rights on February 16, 2022.

49) Petitioner is, due to facility restrictions, at this time, only able to communicate with counsel via mail (see Facts 7 and 8).

50) State of Montana entered judgment terminating Petitioner's parental rights pursuant to hearing on and effective March 18, 2022, which is 30 days after Petitioner was served notice of the action against him.

51) Petitioner received only one communication from his attorney, a letter dated March 10, 2022, received by Petitioner on March 15, 2022, during the time between being served and the effective dated of the Court's judgment.

52) Under the circumstances, the pace set by the Court denied Petitioner meaningful access to counsel in instant case.

## GROUND FOUR
### Petitioner's Counsel was Ineffective

53) Petitioner's counsel maintained no communication with Petitioner between October 1, 2019 and March 10, 2022.

54) Petitioner's counsel was observably aware of CFSD's motion to terminate Petitioner's parental rights not less than 2 ½ months prior to Petitioner being served (based on filing dates available from documents served to Petitioner on February 16, 2022) and took no action to contact Petitioner prior to March 10, 2022.

55) Petitioner contacted counsel twice, dated February 16, 2022 and February 28, 2022, after being served on February 16, 2022, before counsel responded with the March 10, 2022 letter.

56) Petitioner's counsel's March 10, 2022 letter came after Petitioner, in his February 28, 2022 letter, threatened a complaint with the Bar Association.

57) At no time, in any communication, did Petitioner's counsel aid, in any significant way, to the preparation of a defense.

58) Petitioner's counsel failed to notify Petitioner that the CFSD had ruled on the termination of his parental rights, Petitioner was notified of that by the Court, by mail, received April 4, 2022.

59) Petitioner's counsel failed to represent Petitioner's interest by ensuring the facilitation of Petitioner's appearance by video or phone at any hearing before the Court in Montana, including the September 3, 2019 hearing and the March 18, 2022 hearing.

60) Petitioner's counsel failed to communicate with Petitioner in a meaningful was regarding the preparation of any defense in preparation for any hearing in instant case, including the September 3, 2019 hearing and the March 18, 2022 hearing.

61) Petitioner's counsel failed to pursue the necessary time, given the total circumstances, to properly consult with Petitioner in the preparation of any defense against the termination of Petitioner's parental rights, and/or at any stage of the proceedings leading up to the termination of Petitioner's parental rights, to include the September 3, 2019 proceedings.

## GROUND FIVE
### Petitioner's Hawai'i Conviction is Under Appeal

62) Petitioner's conviction in the state of Hawai'i for multiple counts of sexual assault and promoting child abuse is the primary basis for the CFSD's action against Petitioner.

63) Petitioner's conviction in Hawai'i is currently under appeal.

64) Petitioner's Hawai'i appeal includes matters which, on remand, could result in a finding of not guilty on the related offenses.

65) A finding of not guilty in Petitioner's Hawai'i case would invalidate the CFSD's primary grounds against Petitioner for the termination of his parental rights, the sexual assault issue and the length of prison term issue.

## RELEIF

Petitioner, in accordance with the above factors, and for cause shown therein, requests that this Honorable Court set aside the March 18, 2022 judgment, entered March 25, 2022, terminating Petitioner's parental rights.

I declare, under the penalty of perjury, that the above stated facts are true and accurate to the best of my knowledge, and request relief as described accordingly.

DATED: October 25, 2022, Eloy, Arizona

_____
Danny Friddle
Petitioner Pro Se

FILED

FILED
11/07/2022
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

NOV 07 2022

Case Number: DA 22-0631

Bowen Greenwood
Clerk of Supreme Court
State of Montana



ORIGINAL

**MONTANA SUPREME COURT**

| | |
|---|---|
| IN THE MATTTER OF:<br><br>Cause No DN-19-06<br><br>**EZRI FRIDDLE,**<br><br>A YOUTH IN NEED OF CARE. | Cause No. _____<br><br>**MOTION FOR DISMISSAL OF COUNSEL** |

COMES NOW Danny Friddle, Petitioner Pro Se, to petition this Honorable Court to remove Michelle J. Maltese, appointed counsel assigned to Petitioner by the State of Montana, as Petitioner's counsel in Cause No. DN-19-06, for the cause of ineffective counsel.

## FACTS

1)     Between not before June 6, 2019 and not after August 19, 2019, Petitioner was served by the Pinal County Sheriff's Department in Arizona providing notice of commencement of action against him in instant case as part of the case filed on May 23, 2019 by the Montana Department of Public Health and Human Services, Child and Family Services Division ("CFSD").

2)     Petitioner was notified in an August, 13, 2019 letter from attorney Michelle J. Maltese ("Ms. Maltese") that Ms. Maltese had been appointed to represent Petitioner in instant case.

3)     For the entire duration of her appointment as Petitioner's counsel, from August 2019 through March 2022, Petitioner received a total of four communications from Ms. Maltese, one letter dated August 13, 2019, received on or about August 19, 2019, one letter dated August 27, 2019, received on or about September 3, 2019, one letter dated September 27, 2019, received on or about October 1, 2019, and one letter dated March 10, 2022, received on March 15, 2022 (dates according to original letters and Petitioner's facility mail log).

4)     Between August 2019 and March 2022, Petitioner contacted his counsel, Ms. Maltese, eight times, one letter sent leaving Petitioner's facility on or about August 21, 2019, one letter sent leaving Petitioner's facility on or about September 23, 2019, one letter sent leaving Petitioner's facility on or about October 9, 2019, one letter sent leaving Petitioner's facility on or about December 13, 2019, one letter sent leaving

Petitioner's facility on or about July 17, 2021, one letter dated February 16, 2022, which left Petitioner's facility on February 22, 2022, one letter dated February 28, 2022, which left Petitioner's facility on March 2, 2022, and one letter dated March 25, 2022, which left Petitioner's facility on March 18, 2022 (dates according to copies of original letters and Petitioner's facility mail log).

5) Following the letter received by Petitioner on or about October 1, 2019, Petitioner received no response from his letters to Ms. Maltese until he threatened a complaint to the Montana State Bar Association in his letter sent on or about March 2, 2022.

6) Petitioner is housed at a prison facility which utilizes a restricted phone/calling list.

7) Due to administrative complications, Petitioner was/has been unable to add counsel, Ms. Maltese, to his facility phone list, and as such is unable to call Ms. Maltese directly.

8) At no time did Petitioner receive any incoming "legal calls" from counsel, Ms. Maltese.

9) On or about September 3, 2019, the Court found that reunification efforts did not need to be made with regards to Petitioner in instant case.

10) Petitioner was notified of the September 3, 2019 decision in instant case by means of Ms. Maltese's letter dated September 27, 2019, received on or about October 1, 2019.

11) Per documents served on Petitioner, motion to terminate Petitioner's parental rights was filed by CFSD on or about November 24, 2021.

12) Petitioner's counsel, Ms. Maltese, according to the Certificate of Service contained within the CFSD's motion for termination of Petitioner's parental rights, was electronically served by e-mail.

13) Petitioner was served with the documents seeking the termination of his parental rights on or about February 16, 2022 by the Pinal County Sheriff's Department.

14) On June 22, 2021, Petitioner filed initial appellate proceedings relating to his conviction for which he is currently incarcerated for.

15) In Ms. Maltese's March 10, 2022 letter, Ms. Maltese stated that she was having difficulties scheduling "appearances" for court with Saguaro Correctional Center.

16) The period of time between Petitioner's notification of the issues barring

his "appearance" and the hearing terminating Petitioner's parental rights was not more than three days.

17) Petitioner's counsel maintained no communication with Petitioner between October 1, 2019 and March 10, 2022.

18) Petitioner's counsel was observably aware of CFSD's motion to terminate Petitioner's parental rights not less than 2 ½ months prior to Petitioner being served (based on filing dates available from documents served to Petitioner on February 16, 2022) and took no action to contact Petitioner prior to March 10, 2022.

19) Petitioner contacted counsel twice, dated February 16, 2022 and February 28, 2022, before counsel responded with the March 10, 2022 letter.

20) Petitioner's counsel's March 10, 2022 letter came after Petitioner, in his February 28, 2022 letter, threatened a complaint with the Bar Association.

21) At no time, in any communication, did Petitioner's counsel aid, in any significant way, to the preparation of a defense.

22) Petitioner's counsel failed to notify Petitioner that the CFSD had ruled on the termination of his parental rights, Petitioner was notified of that by the Court, by mail, received April 4, 2022.

23) As of the date of this filing Petitioner has had no further contact from appointed counsel Michelle J. Maltese since her March 10, 2022 letter, received on March 15, 2022.

24) Petitioner's counsel failed to represent Petitioner's interest by ensuring the facilitation of Petitioner's appearance by video or phone at any hearing before the Court in Montana, including the September 3, 2019 hearing and the March 18, 2022 hearing.

25) Petitioner's counsel failed to communicate with Petitioner in a meaningful was regarding the preparation of any defense in preparation for any hearing in instant case, including the September 3, 2019 hearing and the March 18, 2022 hearing.

26) Petitioner's counsel failed to pursue the necessary time, given the total circumstances, to properly consult with Petitioner in the preparation of any defense against the termination of Petitioner's parental rights, and/or at any stage of the proceedings leading up to the termination of Petitioner's parental rights, to include the September 3, 2019 proceedings.

## RELIEF

Petitioner, in accordance with the above, requests that this Honorable Court grant Petitioner relief in the form of the removal of appointed counsel for the cause of

counsel being ineffective.

I declare, under the penalty of perjury, that the above stated facts are true and accurate to the best of my knowledge, and request relief as described accordingly.

DATED: October 25, 2022, Eloy, Arizona

_____
Danny Friddle
Petitioner Pro Se

NOV 0 7 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

MONTANA SUPREME COURT



FILED

11/07/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0631

| IN THE MATTTER OF: | Cause No. _____ |
|---|---|
| Cause No DN-19-06 | **MOTION FOR SPECIAL CONSIDERATION** |
| **EZRI FRIDDLE,** | |
| A YOUTH IN NEED OF CARE. | |

COMES NOW Danny Friddle, Petitioner Pro Se, to petition this Honorable Court for special consideration in the filing of the matters filed here with. This request is made pursuant to the following declaration:

### DECLARATION OF PETITIONER

1)      I am Danny Friddle, Petitioner in the included filings.

2)      I have no access to the applicable court rules for the State of Montana.

3)      Having no access to the relevant court rules nor the assistance of counsel, I have prepared the attached filings as best as able in accordance with similar known procedures.

4)      I have submitted the related filings in this matter Pro Se due to appointed counsel, Michelle J. Maltese, being ineffective, as demonstrated in the included filings.

5)      The involved parties in Cause No. DN-19-06, are primarily being shown being served by e-mail, and without a given physical address.

6)      I have no access to e-mail that would allow for electronic service.

### RELIEF

Pursuant to the above factors, Petitioner requests the following:

1)      Pending appointment of new counsel, permission to provide service by certified mail to Michelle J. Maltese, Petitioner's current appointed counsel for Cause No. DN-19-06, and to the Powell County Attorney Kathrine McErney.

2)      That the State of Montana provide electronic service to all other relevant parties as necessary, or, in the alternative, to allow for delay of service to any additional parties until the appointment of new counsel in accordance with the motion filed accordingly herewith.

3)      That special consideration be given to any technical and/or procedural errors contained within any filings filed in concert with this motion pending appointment of new counsel in this matter, and that leave be granted to amend such

errors accordingly.

I declare, under the penalty of perjury, that the above stated facts are true and accurate to the best of my knowledge, and request relief as described accordingly.

DATED: October 25, 2022, Eloy, Arizona

_____

Danny Friddle

Petitioner Pro Se

FILED

FILED 11/07/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

MAR 3 0 2022

Case Number: DA 22-0631

BY JIM PAULL CLERK

DEPUTY

Kathryn McEnery
POWELL COUNTY ATTORNEY
409 Missouri Avenue, Ste. 301
Deer Lodge, Montana 59722
(406) 846-9790
Attorney for Department

# MONTANA THIRD JUDICIAL DISTRICT COURT, POWELL COUNTY

| IN THE MATTER OF: | Cause No. DN 19-06 |
|---|---|
| EZRI FRIDDLE, | NOTICE OF ENTRY OF JUDGMENT |
| A YOUTH IN NEED OF CARE. | |

COMES NOW, Kathryn McEnery, Powell County Attorney, on behalf of the Department of Public Health and Human Services and pursuant to Rule 77, M.R.C.P., hereby gives notice of the March 25, 2022 Order Terminating Parental Rights of Danny Franklin Friddle, signed by the Honorable Ray J. Dayton, District Court Judge. This order terminates the parental rights of Danny Franklin Friddle to the subject child, effective March 18, 2022. A true and correct copy of this Order is hereby attached and duly served upon you.

Dated this 30th day of March, 2022.

*/Kathryn McEnery/*

Kathryn McEnery, *electronically signed*
Powell County Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of March, 2022, I caused to be delivered a true and accurate copy of the foregoing Notice of Entry of Judgment, to the following, by the noted means:

Taryn Gray, Esq.
Attorney for Child

Electronically mailed:
Taryn@dhlawgroupmt.com
Kate@dhlawgroupmt.com
shannon@dhlawgroupmt.com

Morgan N. Smith, Esq.
Attorney for Mother
Office of the Public Defender-Anaconda

Electronically mailed:
MorganSmith@mt.gov
MaryBrown@mt.gov

Michelle J. Maltese
Attorney for Father

Electronically mailed:
michellejmaltese@gmail.com

Amy Pearson-CPS
DPHHS

Electronically mailed:
Amy.Pearson@mt.gov
HHSCFSMSLLEGAL@mt.gov

Cal Boyle
Guardian ad litem
Anaconda Family Resource Center
PO Box 1179
Anaconda MT 59711

Electronically mailed:
donas@anacondafrc.org

Sarah Lehner
1036 Missouri Ave.
Deer Lodge, MT 59722

Mailed: USPS, Postage, pre-paid

Danny Franklin Friddle
AO#A6008921
Saguaro Correctional Center
1250 East Arica Rd.
Eloy, AZ 85131

Mailed: USPS, Postage, pre-paid

//ss// *Sarah E. Ward*

Electronically signed by:
Sarah E. Ward
Legal Assistant